THIS is a contest about land under adverse confiictingclaims.
Bruce and Barbour, &c. were complainants in the court below, asserting the superior equity under an entry made in the name of Richard Barbour and Abraham Maury, the 21st day of November, 1783, for ten thousand acres of land, and asking the aid of the court to compel Duke &c. to surrender ihe legal title, derived under an entry for fifteen thousand acres, made in the name of John Marshall, the fifteenth of June, *245 If80, and which entry had been carried into grant before the entry under which Bruce &c. claim.
Under power of attorney authorising the sale of any of the principal's lands, if necessary, no necessity is to be presumed from the fact of the attorneys having sold and conveyed a particular tract.
*245 The entry under which each party claims, was sus tained by the court, and after causing surveys to he made on each entry according to the manner the court thought the entries should have been surveyed, they pronounced a decree compelling the defendants in that court to surrender the title to so much of the land in contest as the complainants were adjudged to have the superior equity to.
Neither party being satisfied with that decree, each prayed and obtained an appeal to this court.
As Bruce &c. were complainants in the court below, it is proper we should first examine the validity of their claim. But before an inquiry is made into the validity of the entry under which they attempt to derive the superior equity, it is proper to notice a preliminary objection to the derivation of Bruce’s title, and the necessity of other parties being brought before the court.
Bruce claims one moiety of the land under a deed of conveyance executed to Henry C. Bruce by William' T. Barry, as agent and attorney in fact lor Abraham Maury, in whose name, in conjunction with Richard Barbour, the? entry was made, and to both of whom the patent appears to have issued ; and the objection to the derivation of Bruce’s title, is taken upon the supposition, that enough is not proved in the cause to shew the agent, Barry, possessed competent authority to sell and convey the land in contest to Bruce, and the necessity of other parties being brought before the court, is inferred from the supposed defect in the derivation of Bruce’s title.
2. Previous to making a deed of conveyance to Bruce, Barry received from Abraham Maury, a let ter of attorney, in which he states, “ I have this day constituted and appointed, and by these presents do nominate, constitute and appoint, William T. Barry, my lawful attorney, for me, and in my name, to bring any suit or suits, that may be necessary for the purpose of settling and adjusting any claim or claims to land that I may have any where in the state of Kentucky, and for me, and in my name, to answer any bill or bills in chancery that ma\ be exhibited against pe in said state, and to defend any suit or suits at *246 law that may be commenced, and further to do any act or acts that may be necessary and proper to carry nto eiiect, my intention m this behalf, and iurther to execute ueeasot conveyance tor me, anti m my name, for any lands that I am bound by contract to convey, and, if necessary, to make sale of any of my said lands, and further to do all and every act that may be necessary for the settlement and adjustment of my land claims in the said state of Kentucky.5’
Nor will the deposition of the attorney stating that he found himself under the necessity of gelling lands under the power of attorney, ren derthe deed valid. He ought to state the facis which produced the necessity, or at least that the tract coi.veyed was one which he f..und himself under the necessity of selling.
It was under this letter of attorney, that the deed pf conveyance was executed to Bruce by Barry, and the objection to the derivation of title rests exclusively upon the construction to be given to the letter of attorney ; for if Barry deiivcd no power under the letter of attorney to sell any of Maury’s land, unless, where there was an actual necessity to do so, to carry into effect other objects mentioned in the. letter, of attorney, it is evident, Bruce must have failed in shewing any derivation of title from Maury ; but lie would not have failed in his derivation of title, if he had proved that Barry was under a necessity to make the Sale to Bruce; but we have been utterly unable to discover in the record, any evidence, which upon the most liberal interpretation, can he construed to establish such a necessity. The only evidence relied on in argument to establish the necessity for Barry’s selling the land, consists in the deposition of Barry, and the fact of a conveyance having been made by him to Bruce; neither of which, however, can be admitted sufficient to prove any necessity. The deposition of Barry, certainly cannot; for instead of detailing the facts as should have been done, so as to enable the court to judge of the necessity, he barely states, that he found himself under a necessity of selling lands under the power from Maury, Without even suggesting that the tract in question was one which he found himself to be under a necessity of selling. And to admit the fact of a deed having been made, to be evidence of a necessity to sell, would in effect, prostrate all distinction between limited and general authorities. A purchaser would then, after procuring a deed of conveyance, be secure in the title, though in making the sale, the agent may have been guilty of the most palpable violation of his authority. The unauthorised apt of the agent would then be evidence of his having *247 acted correctly, and under the influence of that évi dence, the title would be adjudged to pass from the rightful owner by tbe act of another deriving no pow. er or authority from him. A principle attended with such consequences, cannot be recognized by this court without the most conclusive authority to support it, and it is believed, that so far from being supported by authority, the adjudged cases tend strongly to discountenance such a principle. Thus it is said, that when a power is given to trustees to sell for the purpose of ráising as much moriéy as the personal estate shall prove deficient in paying the debts, or debts and lega, cíes, that unless thé personal estate be actually deficient, the power does not arise and cannot be duly executed; and that in such a case the condition is precedent, and the performance of it ought to be averred, to authorise a sale made under the power, and that the amount of the debts, and the personal estate ought to be shewn, so that the court may judge whether the condition is performed or not. Sug. Ven. 843, Cro. Char. 335.
Such a deed, unaccompanied by proof of the necessity of selling, is insufficient as evidence ofde. rivation of title to the complainant, from the patentee, in a suit against another pa, tentee-
These authorities not only shew, that upon the supposition ot the power given to Barry, being a condi. tional one, neither the fact of his having made the conveyance to Bruce, nor the facts detailed by him in his deposition, are sufficient evidence of the condition having happened ; but they tend strongly to shew, that the letter of attorney ought tó be construed, not to i ropo wer Barry to sell, unless there was an actual neces. sity to sell, for the purpose of carrying into effect the objects specified in that instrument. In fact, such seems to be the most, obvious and natural import of the language employed in that Ieter of attorney, and such is the construction which the court feels itself bound to pronounce.
3. Tbe letter of attorney, therefore, being condi tional in its import, and there being no evidence of the hap pening of that condition, the title of Maury must be supposed still to reside in him, notwithstanding the deed of conveyance made by Barry to Bruce, and consequently, Maury ought to have been made a party to the suit before a final decree was rendered in support of the entry made in his and Barbour’s names.
The decree must, consequently, be reversed, the cause remanded to the court below, and further pro. *248 ceedings there had. not inconsistent with this opinion.
The complainants in the court below, must pay the costs of both appeals in this court.